Filed 5/28/26  P. v. Holland CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>CEDRIC HOLLAND,<br>    Defendant and Appellant. | C102759<br><br>(Super. Ct. No. 13F03184) |


In 2015, a jury found defendant Cedric Holland guilty of numerous child sexual abuse charges and found true the multiple victim allegation.  In a bifurcated proceeding, the trial court found true several sentence enhancement allegations, including a prior prison term enhancement under former Penal Code, section 667.5, subdivision (b) (statutory section citations that follow are to the Penal Code).  The trial court sentenced defendant to an aggregate term of 502 years to life in prison.  Later, the trial court resentenced defendant under section 1172.75 to 501 years in prison.  Defendant appeals his resentencing.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to him. Although counsel advised defendant of the right to file a supplemental brief within 30

1

days of the date of filing the *Wende* brief, more than 30 days have elapsed, and we have received no communication from defendant.

After independently reviewing the record, we requested supplemental briefing from the parties on whether the trial court erred in reimposing the upper term, erred in striking the restitution fine (§ 1202.4), or erred in imposing the criminal conviction and court operations assessments after finding defendant indigent. Appointed counsel's supplemental brief argues the trial court could not reimpose the upper term based on aggravating factors that defendant had not stipulated to, or that a fact finder had not found true beyond a reasonable doubt under section 1170, subdivision (b). Defendant also argues the court erred in imposing certain fines and fees, and the People concede those errors.

Having considered the parties' supplemental briefs, we conclude that, because the trial court previously imposed the upper term, the court could reimpose the upper term during the section 1172.75 resentencing hearing without complying with the new evidentiary requirements for upper term sentences under section 1170, subdivision (b). We also accept the People's concessions regarding the fines and fees. We will modify the fines and fees portion of the judgment accordingly and affirm the judgment as modified.

FACTS AND HISTORY OF THE PROCEEDINGS

Conviction and Original Sentencing

In 2015 a jury found defendant guilty of eight counts of committing lewd and lascivious acts on a child under the age of 14 (§ 288, subd. (a) – counts One, Three, Five, Seven, and Nine through Twelve), three counts of oral copulation on a child under the age of 10 (§ 288.7, subd. (b) – counts Two, Four, and Six), exhibiting harmful sexual material to a minor (§ 288.2, subd. (a) – count Eight), kidnapping (§ 207, subd. (a) – count Thirteen) and kidnapping to commit a lewd and lascivious act (§ 209, subd. (b)(1)

2

– count Fourteen). The jury also found true an allegation that defendant committed the crimes against multiple victims (§ 667.61, subd. (e)(4)).

In a bifurcated proceeding, the trial court found true an allegation that defendant served a prior term in prison (former section 667.5, subd. (b)) for failing to register as a sex offender (§ 290.018, subd. (b)). The trial court also found true allegations that, in 2006, defendant was convicted of committing a lewd and lascivious act on a child under the age of 14 (§ 288, subd. (a)), a strike offense (§ 667, subd. (a)), as well as allegations that he was a habitual sex offender (§ 667.71), which qualified him for a sentence of 25 years to life (§ 667.61, subd. (d)(1)) and an additional five years (§ 667.51, subd. (a)) in prison for each conviction.

On May 8, 2015, the trial court deemed defendant a habitual sex offender (§ 667.71) and sentenced him as follows:

- the upper term of three years, doubled for the prior strike, plus one year (§ 667.5, subd. (b)) on count Eight

- the upper term of 11 years, doubled for the prior strike, plus five years (§ 667, subd. (a)) on count Thirteen, stayed (§ 654)

- 25 years to life, doubled for the prior strike, plus five years (§ 667.51) on counts One, Three, Five, Seven, Nine through Twelve, and Fourteen

- 15 years to life, doubled for the prior strike, plus five years on counts Two, Four, and Six, stayed (§ 654)

In imposing the upper term on counts Eight and Thirteen, the court identified several aggravating factors: (1) defendant's crimes involved a great degree of violence, (2) the victims were particularly vulnerable, (3) defendant induced a minor to assist in his crimes, (4) the crimes were carried out in a manner that indicates planning, (5) defendant took advantage of a position of trust, and (6) defendant engaged in violent conduct that indicates he is a serious danger to society.

The court also found (1) defendant's prior convictions to be numerous or of increasing seriousness, (2) defendant served a prior prison term, (3) defendant was on probation or parole when he committed the commitment crimes, (4) and defendant's prior performance on probation or parole was unsatisfactory.  There were no mitigating factors.

In total, the trial court sentenced defendant to a determinate term of seven years plus an indeterminate term of 495 years to life in prison.  The court imposed a court operations assessment (§ 1465.8) totaling $560, a convictions assessment (Gov. Code, § 70373) totaling $420, and a $5,000 restitution fine (§ 1202.4) with a matching parole revocation fine (§ 1202.45), suspended unless defendant's parole is revoked.

Recall and Resentencing

The Department of Corrections and Rehabilitation subsequently identified defendant as a person eligible for resentencing under section 1172.75.  The court appointed counsel and ordered briefing.

In his brief, defendant asked the trial court to strike the prior prison term enhancement, strike his prior strike conviction, and strike the enhancements imposed pursuant to sections 667, subdivision (a) and 667.51, subdivision (a).  The People asked the trial court to strike the prior prison term enhancement but deny defendant's request to modify the sentence any further.

The trial court heard defendant's petition on December 6, 2024.  After considering the parties' arguments and reviewing their evidence, the court struck the prior prison term enhancement as required by law but otherwise left the sentence unchanged. The court said it was reimposing the upper term based on defendant's prior convictions, and found defendant was "no less a danger today than he was then based upon the circumstances of these events."

At defendant's request, the trial court found him indigent and ordered:  "Any fines and fees originally imposed will be waived.  Any non-mandatory fines and fees will

4

likewise be waived. Restitution to the victim will remain in an amount to be determined, if not previously set.

"So just so it's clear, $300 restitution fine or whatever amount, I'm striking it entirely. And any other fines and fees that I imposed, I will waive, that are non-mandatory."

Defendant filed a timely notice of appeal.

## DISCUSSION

### I

### *Imposition of the Upper Term*

Defendant contends the trial court erred in reimposing the upper term during the section 1172.75 resentencing with no aggravating factors proved beyond a reasonable doubt. The People disagree.

Section 1172.75, effective in 2022, generally invalidates prior prison term enhancements imposed under section 667.5, former subdivision (b), with some exceptions not relevant here. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In addition, section 1172.75, subdivision (d)(4) provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)

5

As defendant recognizes, there is a split of authority on whether amended section 1170, subdivision (b)'s new proof requirements apply in a section 1172.75 resentencing proceeding where a defendant was originally sentenced to the upper term. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328-329, 330.)  Our Supreme Court is poised to resolve this split of authority.  (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)  Until then, as we explain below, we continue to find the analysis in *Brannon-Thompson* more persuasive.

In *Brannon-Thompson*, this court found that the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing."  (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.)  As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing."  (*Brannon-Thompson*, at p. 467.)

Because the upper term had previously been imposed, under *Brannon-Thompson*, the trial court here could reimpose the upper term for attempted murder during the section 1172.75 resentencing without relying on any aggravating circumstances proven pursuant to section 1170, subdivision (b).  As such, the trial court did not err in sentencing defendant to the upper term without any such circumstances.

Defendant urges us not to follow *Brannon-Thompson* and asks us to instead follow *Gonzalez*.  The *Gonzalez* court, "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence."  (*People v. Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329.)  However, the *Gonzalez* court feared, "reading an exemption into section 1172.75, subdivision (d)(4) … and thereby allowing a court to

6

resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. ]Lynch*[ (2024) 16 Cal.5th 730].” (*Gonzalez*, at p. 330.)

We respectfully disagree with the *Gonzalez* court’s analysis. Under the Sixth Amendment, “any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt.” (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. As our Supreme Court explained, “[U]nder the current statute the aggravating facts used to ‘justify’ an upper term sentence are ‘necessary to [its] imposition,’ [citation] and effectively function like elements of a crime.” (*People v. Lynch*, *supra*, 16 Cal.5th at p. 760.) But, section 1172.75, subdivision (d)(4) “carves out an exception” to the factfinding requirements of section 1170, subdivision (b). (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) Because those factfinding requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 [“It is the requirement of additional factfinding that brings the Sixth Amendment into play”]; see also *id*. at p. 756 [“in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires”].)

In short, the trial court did not err in reimposing the upper term on counts Eight and Thirteen during the section 1172.75 resentencing.

## II

### *Fines and Fees*

Defendant argues, and the People agree, that even though the trial court found defendant indigent, the court erred in striking the restitution fine; the court should have

imposed a minimum $300 restitution fine, along with a matching $300 parole revocation fine.  (See *People v. Kopp* (2025) 19 Cal.5th 1, 13-14 (*Kopp*).)  The parties also agree that because defendant was originally sentenced in 2015, the order for a restitution fine is no longer enforceable.  (§ 1465.9, subd. (d); see *Kopp*, at pp. 17, 23-24.)  Nevertheless, a parole revocation fine must still be imposed and stayed, and because the court found defendant indigent, that order should be for the minimum amount of $300.  (See *Kopp*, at pp. 13-14, 23-24.)  We agree with the parties' assessment and will modify the judgment accordingly.

The parties also agree the abstract of judgment does not correctly reflect the trial court's oral pronouncement of judgment.  At resentencing, the trial court found defendant indigent and waived any  "non mandatory fines and fees."  Once the trial court found defendant indigent, the court operations and conviction assessments were no longer mandatory.  (See *Kopp*, *supra,* 19 Cal.5th at pp. 14-15, 30.)  They were, therefore, waived by the court.  The abstract of judgment nevertheless includes a court operations assessment (§ 1465.8) totaling $560 and a conviction assessment (Gov. Code, § 70373) totaling $420.  Because the abstract of judgment does not accurately reflect the court's oral pronouncement of judgment, we will order it corrected.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is modified to include a $300 parole revocation fine (§ 1202.45), suspended unless parole is revoked.  The judgment is affirmed as modified.

The trial court is directed to correct the abstract of judgment by reducing the court operations assessment (§ 1465.8) and conviction assessment (Gov. Code, § 70373) to zero and to include a $300 parole revocation fine (§ 1202.45), stayed.  A copy of the

8

corrected abstract of judgment shall be delivered to the Department of Corrections and Rehabilitation.

/s/
HULL, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.